IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dennis L. Snipes, Jr., | ) | C/A NO. 0:07-3516-CMC-MAGCIV |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Cecilia Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation ("Report"). On August 13, 2008, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and this petition dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 27, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of the record of this matter, together with the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusion of the Magistrate Judge that summary judgment should be granted to Respondent. The court adopts the Report's recitation of the facts and the procedural history underlying this Petition.

**Background**

Petitioner is presently confined in the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Lancaster County Clerk of Court. Petitioner was indicted at the June 2000 term of court for criminal sexual conduct (CSC) with a minor in the first degree.

Petitioner was tried before a jury beginning August 3, 2004. On the first day of trial, Petitioner asserted a Sixth Amendment speedy trial violation, which the trial court denied. A jury convicted Petitioner, as charged, on August 4, 2004. Petitioner was sentenced to ten years' imprisonment.

Petitioner timely served and filed a notice of appeal. On October 24, 2006, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished Opinion. *See State v. Snipes*, 06-UP-363 (S.C. Ct.App. Oct. 24, 2006). Petitioner did not file a Petition for Rehearing within fifteen days, see Rule 221, SCACR, and the South Carolina Court of Appeals sent the Remittitur to the Lancaster County Clerk of Court on November 13, 2006.

Petitioner, through counsel, thereafter filed a motion to recall the remittitur on January 29, 2007. On March 6, 2007, the South Carolina Court of Appeals denied Petitioner's motion.

Petitioner thereafter filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in this court on October 24, 2007.

### Review of State Court Decision After AEDPA

This court's consideration of this Petition is controlled by the current version of 28 U.S.C. § 2254, which was substantially rewritten with the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub.L. No. 104-132, 110 Stat. 1214. *See Lindh v. Murphy*, 521 U.S. 320 (1997). Section 2254(a) confers federal habeas jurisdiction for the limited purpose of determining whether a habeas petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(d), added by the AEDPA, imposed a limitation on a federal court's power to grant relief. It provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)).[1]

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor*, 529 U.S. at 404-05. Thus, this court may issue a writ of habeas

---

[1] "The inquiry mandated . . . relates to the way in which a federal habeas court exercises its duty to decide constitutional questions; the amendment does not alter the underlying grant of jurisdiction in § 2254(a) . . . ." *Williams v. Taylor*, 529 U.S. 362, 378 (2000) (plurality opinion).

corpus pursuant to § 2254(d)(1) only if it determines that the state court adjudication of Petitioner's claims was *either* contrary to *or* an unreasonable application of clearly established federal law. When making this determination, this court examines the last reasoned decision by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-02 (1991). In this instance, this is the decision of the South Carolina Court of Appeals issued October 26, 2006.

Under § 2254(d)(1)'s "contrary to" prong, "[a] state-court decision will certainly be contrary to [ ] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases," *Williams v. Taylor*, 529 U.S. at 405, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 405-06. *See also Bell v. Cone*, 535 U.S. 685, 694 (2002). A state habeas court unreasonably applies clearly established federal law when it "identifies the correct legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. at 413. If the state court's decision was incorrect but still reasonable, § 2254 relief is not available. *Id*. at 411-12. As the Court noted,

> an *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather the application must also be unreasonable.

*Id*. at 409-11. Thus, in order to grant a habeas petition under the "unreasonable application" clause of § 2254(d)(1), the federal court must conclude the state court's adjudication of the prisoner's

claims was not only incorrect, but also objectively unreasonable. *Id*. *See also Humphries v. Ozmint*, 397 F.3d 206, 215-16 (4th Cir. 2005).[2]

The South Carolina Court of Appeals identified the appropriate legal principles in its examination of whether Petitioner was denied his right to a speedy trial; therefore, this court's review of that decision is limited to whether the South Carolina Court of Appeals' decision was either contrary to controlling Supreme Court precedent or whether the court of appeals unreasonably applied the test enunciated in *Barker v. Wingo*, 407 U.S. 514 (1972). As noted above, the "unreasonable application" prong of § 2254(d)(1) is not satisfied if a state court decision is merely "incorrect or erroneous. The state court's application must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotations omitted).

**Conclusion**

Claimed speedy trial violations are subject to a balancing test. After having conducted its own assessment of the decision of the South Carolina Court of Appeals, this court cannot say that the court's rejection of Petitioner's speedy trial claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. Therefore, Respondents' motion for summary judgment is **granted**. This petition is dismissed with prejudice.

---

[2]Relief may be granted under § 2254(d)(2) if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, factual findings by the state court "shall be presumed to be correct," a presumption that will be rebutted only "by clear and convincing evidence." *Id*. § 2254(e)(1). The presumption of correctness imposed by § 2254(e)(1) applies to findings by state appellate courts as well as trial courts. *Sumner v. Mata*, 449 U.S. 539, 545-47 (1981) (construing prior version of statute).

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 25, 2008

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~7552180.wpd